KATE P. CLIFFORD, et als,

*vs.*

ANDROSCOGGIN & KENNEBEC RAILROAD COMPANY.

Androscoggin.     Opinion March 7, 1921.

*An estate upon condition does not terminate upon its breach, unless an entry be made*
*by one authorized to take advantage of the condition.     The statute (R. S., Chap.*
*109, Sec. 4,) dispensing with proof of actual entry under a demandant's title,*
*contemplates only a case where the party already has acquired a*
*title, and otherwise entry would be requisite to perfect the*
*remedy.*

These plaintiffs brought this writ of entry for the recovery of possession of certain real estate in Lewiston, which had been leased to a street railway corporation for a term of years still unexpired.     The lease carries a covenant against assignment without previous written permission; the covenant being accompanied by a condition subsequent giving the landlord a right to enter and terminate the estate on its breach.

The street railway company went to receivership.     The bondholders of the company thereupon organized the defendant corporation and, under decree of foreclosure and sale, purchased the lease and went into possession of the demised premises.

Neither the insistence of the plaintiffs, advanced not only on alleged breach of the covenant against assignment, but also upon provision for determination of the lease in the event the leased estate were taken from the lessee "by proceedings in bankruptcy or insolvency or otherwise," nor the contentions of the defendant that, as the bondholders of the old corporation became the stockholders of the new, the transfer of the lease involved no change in property ownership, and that the judicial sale operated as an involuntary assignment, whereas the stipulation of the lease means only a voluntary one, are in order for decision.

An estate upon condition does not terminate upon its breach, unless an entry be made by one authorized to take advantage of the condition.     This common law rule has not been abrogated by statute.     The statute (R. S., Chap. 109, Sec. 4,) providing that, in a real action, demandant need not prove an actual entry under his title, but proof that he is entitled to such an entry under his title, but proof that he is entitled to such an estate in the premises as he claims, and that he has a right of entry therein, shall be sufficient proof of his seizin, was early interpreted as contemplating only a case where the party already has

acquired a title, and entry is necessary to perfect the remedy. The statute does not apply to cases, where entry is required not as a matter of form, but for the purpose of causing a change of title, or a forfeiture of the estate, or an entry upon a conditional estate to cause a forfeiture.

On report. This is a writ of entry to recover the possession of certain real estate in Lewiston. On October 13, 1908, the plaintiffs leased to the Lewiston, Augusta & Waterville Street Railway for the term of twenty years, at an annual rental of $2800, a brick block located in Lewiston at the southeasterly corner of Main and Lisbon Streets. Before the expiration of the term of the lease, lessee was placed under receivership by the court. The trustee for the bond-holders of lessee foreclosed on the property of lessee, and its property and franchises were sold under a decree of the court and the lease in question was included in the sale. Plaintiffs claimed a forfeiture of the lease because of the sale, under the decree of court, of the property of lessee, alleging a breach of a covenant in the lease, that no assignment could be made without written consent of lessor, which covenant was accompanied by a condition subsequent allowing landlord to enter and terminate the estate on its breach. No entry was made by demandants to terminate the estate. Plea, nul disseizin, with brief statement. By agreement of parties the case was reported to the Law Court. Plaintiffs nonsuit.

The case is fully stated in the opinion.

*B. L. Berman, Clifford & Clifford, and Tascus Atwood,* for plaintiffs.
*William H. Newell,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. Declaring on their own seizin, these plaintiffs brought this writ of entry for the recovery of possession of certain real estate in Lewiston, which some of them, and presumably an ancester of the others, had leased to a street railway corporation for a term of years still unexpired. The lease carries a covenant, on lessee's part, against assignment without previous written permission; the covenant being accompanied by a condition subsequent giving the landlord a right to enter and terminate the estate on its breach.

Under decree of foreclosure and sale, made and entered in the course of proceedings in two consolidated suits,—the one of which

was commenced against the railway corporation as a creditor's bill, and the other by the trustee under a mortgage given to secure payment of bonded indebtedness,—this defendant, a new corporation organized by the bondholders of the old (R. S., Chap. 57; Chap. 51, Sec. 73), purchased the lease and went into possession of the demised premises.

By way of brief statement, supplemental to a plea of nul disseizin, defendant sets up that, forasmuch as the bondholders in the former corporation became the stockholders of the new, the transfer of the lease involved no change in property ownership. And, besides, that the judicial sale operated as an involuntary assignment, whereas the stipulation of the lease means only a voluntary one.

But neither the insistence of the plaintiffs, advanced not only on alleged breach of the covenant against assignment, but also upon provision for determination of the lease in the event the leased estate were taken from the lessee "by proceedings in bankruptcy or insolvency or otherwise," nor the contentions of the defendant, related to the brief statement, are in order for decision.

An estate upon condition does not terminate upon its breach, unless an entry be made by one authorized to take advantage of the condition. This rule originally was based on the theory that the estate, having commenced by livery of seizin, might be terminated only by an act of like solemnity. Physical entrance, as a condition precedent to the maintenance of an action for the breach of a condition subsequent, is as an essential a prerequisite today, in a case of this kind, as when Littleton and Coke and Blackstone wrote. *Frost* v. *Butler*, 7 Maine, 225; *Spofford* v. *True*, 33 Maine, 283; *Tallman* v. *Snow*, 35 Maine, 342; *Hall* v. *Pickering*, 40 Maine, 548; *Osgood* v. *Abbott*, 58 Maine, 73; *Peaks* v. *Blethen*, 77 Maine, 510. A breach of a covenant not to assign will not of itself determine the lease and revest the estate in the lessor. *Shattuck* v. *Lovejoy*, 8 Gray, 204. The proposition that a lease, like the one here, remains in force unless forfeiture become effective by entry, is recognized in *Small* v. *Clark*, 97 Maine, 304, and in the cases and the text-books there cited. Said the court in *Stone* v. *Ellis*, 9 Cush., 95. "It is not enough to show a mere breach of a condition subsequent. That alone does not defeat the estate. It is entirely optional with the grantor of an estate upon condition, in case a breach of the condition occurs, whether he will avail himself of the same as a forfeiture of the estate

thus granted. To do this, requires action on his part, and the usual form is by an actual entry upon the party in possession, assigning, for the cause of the entry, the breach of the condition of the deed. Until this is done, the grantee holds his estate, liable only to be defeated, but not actually determined by a forfeiture." "—*the party must first make an entry*, and then he may maintain his Writ of Entry in the Quibus,—." Stearns on Real Actions, 193.

Demandants argue that, though this be the common law rule, it is unavailing in the instant action, because of statutory abrogation. R. S., Chap. 109, Sec. 4. The argument is untenable. The statute provides that, in a real action, the demandant need not prove an actual entry under his title; but proof, that he is entitled to such an estate in the premises as he claims, and that he has a right of entry therein, shall be sufficient proof of his seizin. For interpretation of this statute recourse may be had to *Marwick* v. *Andrews*, 25 Maine, 525. "The cases provided for by that section are those, in which a formal entry was required by the common law to restore the seizin to one, who had been disseized, or otherwise deprived of it. The statute does not in terms, and was not intended to apply to cases, where an entry was required not as a matter of form, but for the purpose of causing a change of title, or a forfeiture of the estate,— or an entry upon a conditional estate to cause a forfeiture. The statute contemplates a case, where the party has already acquired a title, and an entry is necessary only to perfect the remedy."

The case is here on report. Technical questions of pleading must be regarded as waived. Proof of entry there is none. The single issue of the right of present possession of the demanded premises is presented for decision. That issue we decide. The docket entry will be,

*Plaintiffs nonsuit.*